IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN EVANS McELROY, JR.,  )<br>  )<br>　　　Petitioner,　　　　　　　)<br>  )<br>v.　　　　　　　　　　　　　　　)<br>  )<br>UNITED STATES OF AMERICA,　　)<br>  )<br>　　　Respondent.　　　　　　　) | Civil Action No. 2:10cv1035-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.　BACKGROUND**

Pursuant to a guilty plea entered on November 21, 2008, the petitioner, Norman Evans McElroy, Jr. ("McElroy"), was convicted of two counts of receiving or distributing child pornography by computer, in violation of 18 U.S.C. § 2252A(a)(2). A sentencing hearing was held on March 25 and 26, 2009, after which the district court sentenced McElroy to 240 months in prison for each conviction, with the terms to run concurrently.

McElroy appealed to the Eleventh Circuit, challenging his sentence on three grounds. He argued (1) that the district court erred in admitting nine victim-impact statements under 18 U.S.C. § 3771; (2) that he should not have received a five-point offense level enhancement under U.S.S.G. § 2G2.2(b)(3)(B); and (3) that his sentence was substantively

unreasonable under 18 U.S.C. § 3553(a).  McElroy's claims were unavailing, and on November 16, 2009, the appellate court affirmed the judgment and sentence of the district court.  *United States v. McElroy*, 353 Fed. App'x 191 (11th Cir. 2009).  McElroy filed a petition for a writ of certiorari in the United States Supreme Court, which that court denied on March 22, 2010.  *McElroy v. United States*, 130 S.Ct. 1920 (2010) (No. 09–9057).

On December 2, 2010, McElroy filed this § 2255 motion, asserting that his lawyers rendered ineffective assistance of counsel in the following ways:

1. Counsel failed to argue for a lower sentence on the basis that the sentencing guidelines pertaining to child pornography offenses are not the result of empirical studies.

2. Counsel failed to argue for a lower sentence based on sentences that were imposed in comparable cases in other circuits.

3. Counsel failed to request a court-ordered mental health evaluation by a licensed psychiatrist.

4. Counsel failed to argue for a lower sentence based on McElroy's own history of abuse.

Doc. No. 1 at 4-9.[1]

The Government argues that McElroy's claims lack merit and do not entitle him to any relief.  *See* Doc. No. 12.  After due consideration of the § 2255 motion, the Government's submissions opposing the motion, and the record in this case, the court concludes that an

---

[1] Unless otherwise indicated, references to document numbers in this Recommendation are to those assigned by the Clerk to pleadings docketed in this civil action.  References to exhibits ("Exh.") are to those filed by the Government with its answer, Doc. No. 12.  Page references are to those assigned by CM/ECF.

evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete

3

miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B. Standard of Review for Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *see Strickland*, 466 U.S. at 687–88 & 694.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

4

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly

weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### C. McElroy's Ineffective Assistance Claims

#### 1. *Failure to Challenge Empirical Basis for Sentencing Guidelines Pertaining to Child Pornography Offenses*

McElroy contends that his counsel rendered ineffective assistance by failing to argue for imposition of a lower sentence on the basis that the sentencing guidelines applicable to child pornography offenses "[are] not the result of empirical studies." Doc. No. 1 at 4. As the Government correctly observes in its answer (Doc. No. 12 at 4-6), the Eleventh Circuit has repeatedly rejected claims based on this critique of the guidelines for child pornography offenses.

In *United States v. Pugh*, 515 F.3d 1179 (11th Cir. 2008), a case involving convictions for child pornography offenses, the Eleventh Circuit noted:

> The Supreme Court has recently held that a district judge has the authority to deviate from the Guidelines in a particular crack cocaine case because the Guidelines range for these offenses was based on "the mandatory minimum sentences set in the 1986 Act, and did not take account of 'empirical data and national experience.'" *Kimbrough* [*v. United States*, 552 U.S. 85], 128 S.Ct. [558] at 575 (citation omitted). The Guidelines involved in Pugh's case, however, do not exhibit the deficiencies the Supreme Court identified in *Kimbrough*. First, the Guidelines range is derived at least in part from the early Parole Guidelines, rather than directly derived from Congressional mandate. *See, e.g.*, Revised Draft Sentencing Guidelines 72 (Jan. 1987) ("The serious nature of th[e] offense [of transporting, receiving, or trafficking in material involving the sexual exploitation of a minor] is reflected in the enhancement for the distribution of material depicting minors under age

>   twelve. The amount of enhancement reflects the time specified by the parole
>   guidelines."). Second, there is no indication that either the Guidelines range
>   or the policy statement involved in Pugh's sentence suffers from any criticisms
>   like those *Kimbrough* identified for the crack cocaine Guidelines. There, the
>   Supreme Court found that the Sentencing Commission itself had "reported that
>   the crack/powder disparity produces disproportionately harsh sanctions."
>   *Kimbrough*, 128 S.Ct. at 575. Here, the Sentencing Commission has not made
>   any similar statements; rather, the Guidelines and policy statement are based
>   in part upon Congress's longstanding concern for recidivism in such cases, and
>   even Pugh's expert admitted that no one, including Pugh, presents "no" risk
>   for recidivism.

513 F.3d at 1201 n.15. *See also, e.g., United States v. Gray*, 405 Fed. App'x 436, 437 (11th Cir. 2010) (citing *Pugh*) ("We have previously rejected the same argument that Gray levies against her sentences, holding that the Guidelines pertaining to child pornography offenses adequately take into account empirical data and national experience.... Thus, Gray's attack on the applicable Guideline fails[.]"); *United States v. Centella*, 322 Fed. App'x. 748, 751 (11th Cir. 2009) (citing *Pugh*) ("Centella argues that his sentence should have been lower because U.S.S.G. § 2G2.2, the guideline used to calculate his offense level, was not based on empirical data or developed in an informed manner. This Court already has rejected a *Kimbrough*-type challenge to § 2G2.2."); *United States v. Reaid*, 455 Fed. App'x 926, 927 (11th Cir. 2012) (citing *Pugh*); *United States v. Ford*, 438 Fed. App'x 822, 825 (11th Cir. 2011) (same).

It is axiomatic that counsel cannot be ineffective for failing to present a non-meritorious argument. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Therefore, McElroy's counsel was not

7

ineffective for failing to argue for imposition of a lower sentence on the basis that the sentencing guidelines for child pornography offenses are not the result of empirical studies. McElroy is not entitled to any relief based on this claim.

### 2. *Failure to Argue for Lower Sentence Based on Sentences Imposed in Other Circuits*

McElroy contends that his counsel rendered ineffective assistance at sentencing and on appeal by failing to argue for a lower sentence based on the sentences imposed in comparable cases in other circuits. Doc. No. 1 at 5. Notwithstanding this contention, the record reflects that McElroy's counsel did in fact present arguments at sentencing, and on direct appeal, seeking a lower sentence for McElroy based on sentences imposed in purportedly comparable cases from other circuits and the Eleventh Circuit. *See* Exh. D (Doc. No. 12-4) at 24-25; Exh. H (Doc. No. 12-8) at 2-4. The issue, however, was decided adversely to McElroy in both venues. In his § 2255 motion, McElroy does not point to any other cases that he maintains his counsel should have presented, but did not, in support of an argument for a lower sentence in his own case. Thus, McElory's claim is both factually incorrect – as noted, his counsel argued for a lower sentence based on the sentences imposed in purportedly comparable cases – *and* wholly conclusory.[2]

Having failed to demonstrate that his counsel's performance in this regard fell below

---

[2] The entirety of this claim as set forth by McElroy in his § 2255 motion is as follows: "My second ineffective assistance claim states that had my counsel argued at my sentencing or in my direct appeal the facts of several Circuits in the United States with similar cases but with worse circumstances where the defendants were given less time, [it] may have warranted a lesser sentence in my case." Doc. No. 1 at 5.

an objective standard of reasonableness or that he was in any was prejudiced by counsel's performance in this regard, McElroy is not entitled to relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687–88 & 694

### 3. *Failure to Request Court-ordered Mental Health Evaluation by Licensed Psychiatrist*

McElroy contends that his counsel rendered ineffective assistance by failing to seek a court-ordered mental health evaluation by a licensed psychiatrist. Doc. No. 1 at 7. He maintains that counsel's failure in this regard prevented counsel from "argu[ing] any deficiencies at sentencing that may have warranted a lesser sentence." *Id*.

The record reflects that McElroy's counsel obtained a mental-health evaluation of McElroy by a retained psychologist but opted not to file a report of that evaluation with the court. Doc. No. 9 at 2; Doc. No. 10 at 2. As the Government correctly observes, "McElroy has put forth no basis for second-guessing [counsel's] decision not to present that psychologist's report to the Court." Doc. No. 12 at 8. McElroy fails to demonstrate (or even to suggest) that the psychologist's report would have supported a mental deficiency claim at sentencing. Further, McElroy does not demonstrate (or assert) a documented history of serious mental or emotional issues, and he fails to suggest what beneficial evidence an evaluation by a licensed psychiatrist would have yielded so as to justify a lesser sentence in his case.[3] Accordingly, he has demonstrated neither deficient performance by counsel nor

---

[3] The rules applicable to 28 U.S.C. § 2254 petitions and § 2255 motions "mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under *Federal Rule of Civil Procedure* 8(a).
(continued...)

9

prejudice stemming from counsel's performance in this regard. *See Strickland*, 466 U.S. at 687–88 & 694. Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 4.     *Failure to Argue for Lower Sentence Based on History of Abuse*

Finally, McElroy contends that his counsel rendered ineffective assistance at sentencing and on appeal by failing to argue for a lower sentence based on his history of abuse. Doc. No. 1 at 8. The record, however, reflects that McElroy's history of physical and sexual abuse at the hands of his stepfather was noted in his presentence investigation report ("PSI"), played a prominent part in the evidence presented at his sentencing hearing, and was pursued as a basis for sentence mitigation on appeal. *See* PSI (Doc No. 16-Sealed) at 9-10, ¶ 41; Exh. D (Doc. No. 12-4) at 17-24; Exh. H (Doc. No. 12-8). McElroy's sister testified on his behalf at sentencing, at which McElroy's counsel elicited lengthy testimony in which his sister recounted McElroy's sexual abuse by his stepfather. Exh. D (Doc. No. 12-4) at 19-21. In her closing comments at sentencing, counsel urged the district court to consider this abuse as a basis for sentence mitigation. *Id*. at 23-24. In handing down McElroy's sentence, the district court stated that it had taken into account McElroy's background, and especially

---

[3](...continued)
... The reason for the heightened pleading requirement – fact pleading – is obvious. Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards[.]" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

the testimony of his sister. *Id*. at 28. On appeal, where the substantive reasonableness of McElroy's sentence was challenged, McElroy's counsel reiterated in her brief the testimony of McElroy's sister and again urged consideration of McElroy's abuse as a mitigating factor in sentencing. Exh. H (Doc. No. 12-8) Thus, McElroy is not correct in contending that his counsel failed to argue for a lower sentence on his behalf based on his history of abuse. Because he does not demonstrate that his counsel's performance in this regard fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance in this regard, McElroy is not entitled to relief based on this claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687–88 & 694

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McElroy be denied with prejudice, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 29, 2013. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 15th day of January, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE